UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

Guilbeaux                                          Civil Action No. 6:16-cv-01464

versus                                              Judge Robert G. James

City of Eunice, et al                              Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Pending before the undersigned upon referral from the district judge is a Motion To Dismiss Pursuant to Rule 12(b)(2) filed by Defendant, the Police Department for the City of Eunice ("Eunice Police Department") [Rec. Doc. 6] on the grounds that it is not a juridical person and therefore it lacks capacity to be sued, an Opposition filed by Plaintiffs, Thelma Guilbeaux, on behalf of her minor children, HE and NE, ("Guilbeaux"), Deanna Poullard, individually and on behalf of Michael Edwards, Jr. Estate ("Poullard") and Michael Edwards, Sr., individually and on behalf of Michael Edwards, Jr. Estate ("Edwards") [Rec. Doc. 12] and Defendant's Reply thereto [Rec. Doc. 13]. For the following reasons, it is recommended that the Motion be GRANTED.

### I. Background

Plaintiffs filed this action asserting claims under 42 U.S.C. § 1983 and state law against the City of Eunice, Eunice Police Department, Chief Randy Fontenot, individually and in his official capacity as Chief of Police of the City of Eunice, and

Officer Kathy Miller, individually and in her official capacity as a Police Officer for the City of Eunice, in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana, on September 30, 2016. In their Petition, Plaintiffs alleged that the defendants are liable for the wrongful death of the decedent, Michael Edwards, Jr., on October 16, 2015, while he was incarcerated at the Eunice City Jail. *Id.* Defendants removed this action on October 20, 2016. *R.1.*

## II. Law and Analysis

The Eunice Police Department seeks dismissal of Plaintiffs' claims against it pursuant to Rule 12(b)(2). Rule 12(b) does not specifically authorize a motion to dismiss based on lack of capacity to be sued. Nevertheless, "Federal courts ... traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes, ... such as motions raising ... a lack of capacity to sue or be sued...." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d ed.2004). As noted by this Court in *Angers v. Lafayette Consolidated Government*, 2007 WL 2908805 (W.D.La.10/3/2007) (J. Doherty), "The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *See e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir.1991)."

2.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit. Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Police Department is determined by the law of the state where the court is located. Fed.R.Civ.P. 17(b)(3). Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." LA. C. C. Art. 24.

Citing *City Council of City of Lafayette v. Bowen*, 649 So.2d 611 (La. App. 3 Cir., 1994), the plaintiffs argue that Defendant should "plac[e] into evidence a copy of its home charter establishing the capacity or lack of capacity thereof of suing or being sued." In *Bowen*, the court considered whether or not the City Council of Lafayette, independent of the City of Lafayette, could sue and be sued. The court considered the provisions of Lafayette's Home Rule charter from the State of Louisiana and held that the City Council "is not a legal entity or juridical person that can sue or stand in judgment." *Id* at 3–4.

Here, the City of Eunice has not adopted a home rule charter and is "merely a subdivision of the City of Eunice and is not an autonomous, separate, independent of distinct body corporate." *R. 6-2, Affidavit of Fontenot.* The plaintiffs have failed to provide (and the Court has not found) any law, Constitutional, statutory, or otherwise,

3.

that confers upon the Eunice Police Department the authority to sue or be sued, or that entitles it to function independently of the City of Eunice.[1] The Court concludes that the Eunice Police Department is a department of the City of Eunice and not an individual, corporation, partnership, or unincorporated association; as such the Eunice Police Department has no independent legal existence or the capacity to be sued.

In so concluding, the Court also observes that it is well established in this Court and a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued. *See e.g. Lavergne v. Lafayette City Police Dept.*, 2014 WL 931517, * 4 (W.D. La. 2014) (and cases cited therein) (Lafayette City Police Department not amenable to suit);  *Cormier v. Lafayette City Parish Consolidated Government*, 2011 WL 5156862 (W.D. La. 2011); *Darby*, 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued);  *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001); *Norwood v. City of Hammond et al*, 1999 WL 777713 at *2-3 (E.D. La. 1999) (City of Hammond Police Department is not a "suable entity"). Thus, this Court and other federal courts have consistently dismissed § 1983 claims against entities, such as

---

[1] In *Savoy v. St. Landry Parish Council*, 2008 WL 4822269, at *3 (W.D.La.,2008) this Court held that the City of Eunice Jail was not a juridical person under the laws of Louisiana and thus lacked capacity to be sued under Louisiana and federal law.

4.

police departments which are not amenable to suit in their own right. *See Fontenot v. Melancon,* 2016 WL 7157398, at *4 (W.D.La., 2016); *Cormier v. Lafayette City Parish Consolidated Government*, 2011 WL 5156862 (W.D. La. 2011); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because the Sheriff's Department is not a legal entity subject to suit).

### III. Conclusion

Because the City of Eunice Police Department is not a juridical person capable of being sued in this case, the undersigned RECOMMENDS that Defendant's 12(b)(6) Motion To Dismiss [Rec. Doc. 6], be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

5.

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 29th day of December, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**