UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Guilbeaux | Civil Action No. 6:16-cv-01464 |
| versus | Judge Robert G. James |
| City of Eunice, et al | Magistrate Judge Carol B. Whitehurst |

### **REPORT AND RECOMMENDATION**

Pending before the undersigned upon referral from the district judge is a Motion To Dismiss Pursuant to FRCP 12(b) filed by the City of Eunice, Chief Randy Fontenot, individually and in his official capacity as Chief of Police of the City of Eunice ("Chief Fontenot"), and Officer Kathy Miller, individually and in her official capacity as a Police Officer for the City of Eunice ("Officer Miller") (collectively "Defendants") [Rec. Doc. 4] and an Opposition filed by Thelma Guilbeaux, on behalf of her minor children, HE and NE, ("Guilbeaux"), Deanna Poullard, individually and on behalf of Michael Edwards, Jr. Estate ("Poullard") and Michael Edwards, Sr., individually and on behalf of Michael Edwards, Jr. Estate ("Edwards, Sr.") (collectively "Plaintiffs")[1] [Rec. Doc. 10]. For the following reasons, it is recommended that the motion be granted in part.

---

[1] While not raised by Defendants, the Court notes that the Petition does not include allegations as to whether the named plaintiff(s) are the appropriate representative(s) of the decedent's Estate and/or minor children. Further, the Court notes that Plaintiffs' represent that Poullard and Edwards, Sr. are "now deceased." *R. 10, p. 5.*

*I. Background*

In their Petition, Plaintiffs allege that on or about October 8, 2015, Michael Edwards, Jr. ("the decedent") was incarcerated in the Eunice City Jail as the result of a conviction for "Disturbing the Peace" and was serving a sentence of approximately fifteen days. *R. 1-5, ¶ V.* On October 11, 2015, the decedent's mother, Poullard, received a call from the decedent stating that he had become very ill and recently passed out in the Eunice jail. The decedent stated when he told Officer Miller he needed to go to the hospital, she refused his request and left without providing him with medical treatment or care. *Id. at ¶ VI.* The next day, October 12, 2015, Poullard went to the jail and spoke with Officer Miller and Chief Fontenot, informing them of her call from the decedent about his illness. Plaintiffs allege Defendants refused to take the decedent to the hospital and that Chief Fontenot commented, "if he were to take Michael Edwards to a hospital, it would result in other inmates wanting to be taken to the hospital." *Id. at ¶ VII.*

Plaintiffs further allege that on October 13, 2015, the decedent again called Poullard stating that his condition had worsened and that despite his consistent complaints, Defendants refused to take him to a doctor or provide medical attention. *Id at ¶ VIII.* They allege that the decedent continued to call Poullard and Edwards Sr.

2.

to inform them of his illness, his need to get to a hospital and the refusal of Chief Fontenot and Officer Miller to provide him medical care. *Id.*

Plaintiffs allege that the decedent had a seizure disorder on or about October 16, 2015, at which time the Emergency Medical Service was dispatched and he was transported to the Emergency Room of Acadian Medical Center in Eunice, where he was pronounced dead upon arrival at approximately 11:55 P.M. *Id.* at ¶ *X.* The autopsy indicated death was related to "Acute Coronary Thrombosis." Plaintiffs allege Poullard and Edwards Sr "arrived at the hospital shortly after their son was transported [to the hospital]" and therefore after his death. *Id.*

Plaintiffs further allege that Defendants are liable for the wrongful death of the decedent, Michael Edwards, Jr., on October 16, 2015, while he was incarcerated at the Eunice City Jail. *Id.* They allege that Guilbeaux's children, "H.E." and "N.E." are "the minor children of decedent, Michael Edwards, Jr." Plaintiffs further allege that Poullard and Edwards, Sr. are the "parents of decedent." *Id.* at ¶ *IV.*

Plaintiffs filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana, on September 30, 2016, asserting claims under 42 U.S.C. § 1983, Constitutional Amendments IV, V, VIII and XIV and Louisiana Civil Code Articles 2315, 2316, 2317, and 2320 against Defendants. Defendants removed this action on October 20, 2016. *R.1.*

## *II. Legal Standard*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 Fed.Appx. 534, 535 (5th Cir. 2007) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

## *III. Law and Analysis*

In their motion, Defendants contend that Poullard and Edwards, Sr., in their individual capacities, and Poullard and Edwards, Sr., on behalf of the Estate of

Michael Edwards, Jr., lack standing to pursue survival and wrongful death actions on behalf of Michael Edwards, Jr, pursuant to Section 1983 because Michael Edwards, Jr. is survived by the minor children H.E. and N.E, plaintiffs in this lawsuit.[2]

*1. Survival and Wrongful Death Actions*

When a suit is brought under a civil rights statute, as this one was, standing is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in the administration of civil rights suits. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). A plaintiff suing under Section 1983 and seeking recovery for the alleged wrongful death or survival of a person must have standing under the relevant state's wrongful death or survival statute. *Id.* In Louisiana, "[t]o recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary as prescribed by La. Civ.Code arts. 2315.1 and 2315.2." *Turner v. Busby*, 883 So.2d 412, 416 (La.2004); *see also Jones v. Allen Parish Corr. Ctr.*, 2006 WL 1004276, at *1 (W.D.La. Apr. 12, 2006) ("Articles 2315.1 and 2315.2 of the Louisiana Civil Code designate the persons that may bring an action for

---

[2] Defendants socratically refer to dismissal of Guilbeaux's claim in the motion. Plaintiffs' Petition, however, names Thelma Guilbeaux only "on behalf of the minor children," which Defendants do not dispute. As Guilbeaux has alleged no claim in her individual capacity, she is not included in the Court's consideration of the motion.

wrongful death and in whose favor the decedent's actions survive, including a 42 U.S.C. § 1983 civil rights claim."). Surviving children recover to the exclusion of all other categories of potential claimants under both articles 2315.1 and 2315.2. *See Turner*, 883 So.2d at 416.

Here, Plaintiffs include H.E. and N.E., the children of the decedent,[3] Poullard and Edwards, Sr., the decedent's parents, and the decedent's Estate. As stated above, Louisiana Civil Code Articles 2315.1 and 2315.2 provide that the surviving spouse and children of the deceased are in the first class of beneficiaries entitled to recover for wrongful death and survival action. There is no allegation that a surviving spouse exists. Because a claim has been made on behalf of the alleged surviving children, however, the other plaintiffs, Poullard, Edwards, Sr. and the Estate of Michael Edwards Jr. lack standing to pursue a wrongful death and survival action against the defendants. Accordingly, Poullard and Edwards Sr., in their individual capacities as parents of the decedent, and the Estate of the decedent, may not recover under section 1983 by the incorporation of Louisiana's wrongful death or survival statutes through section 1988, because they are the second-ranked relatives under those statutes.

---

[3] There is no objection to Guilbeaux filing claims on behalf of the minor children.

*2. Other Claims*

In their opposition memorandum, Poullard and Edwards Sr. state that they also seek to recover for their own alleged injuries arising from their son's death. They contend that because they learned of their son's death upon their arrival at the hospital, they are entitled to recover damages based on their own injuries which resulted from the effect that their son's death had on them personally under Louisiana Civil Code Article 2315.6, which governs "Bystander claims."

They further contend they have a claim under *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir.1998),[4] "based on the related deprivation of their liberty interest arising out of their relationship with a decedent." *R. 10, p. 6.* While *Moreland* is a Ninth Circuit case, the Court interprets their claims to be for deprivation of their right of familial association and parenthood in violation of the Fourteenth Amendment as provided in *Logan v. Hollier*, 711 F.2d 690 (5th Cir.1983).

In their Motion, Defendants' request dismissal with prejudice of Plaintiffs' § 1983 claims for lack of standing under 2315.1(A)(1) and 2315.2(A)(1) against Poullard and Edwards, Sr., in their individual capacities, "and any and all claims asserted on behalf of" the decedent's Estate. Because these plaintiffs are not the first-

---

[4] In *Moreland*, the Ninth Circuit allowed a parent to bring a companionship claim for the loss of their adult child where the deprivation was incidental to the state action. *Moreland*, 159 F.3d at 371.

ranked relatives of the decedent, their section 1983 claims for wrongful death through section 1988 must be dismissed. Defendants' Motion does not address the parents, Poullard and Edwards, Sr.'s, alleged independent section 1983 claims, and therefore, the undersigned has not considered these claims.

### III. Conclusion

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion To Dismiss Pursuant To FRCP 12(b) be GRANTED and those claims be Dismissed with Prejudice, retaining Poullard and Edwards, Sr.'s other individual claims as well as Guilbeaux's claims on behalf of the minor children, HE and NE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 6th day of January, 2017.

_/s/ Carol B. Whitehurst_
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**