UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| THELMA GUILBEAUX, ET AL., | CIVIL ACTION NO. 16-1464 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF EUNICE, ET AL., | MAG. JUDGE CAROL B. WHITEHURST |

RULING

This is an action brought by Plaintiffs Thelma Guilbeaux ("Guilbeaux"), on behalf of minor children HE and NE ("Guilbeaux"); Deanna Poullard ("Poullard"), individually and on behalf of the Michael Edwards, Jr. Estate ("the Estate"); and Michael Edwards, Sr. ("Edwards"), individually and on behalf of the Estate, against Defendants the City of Eunice ("the City"), Eunice Police Department ("EPD"), Chief Randy Fontenot ("Chief Fontenot"), and Officer Kathy Miller ("Miller').[1] Plaintiffs assert claims against Defendants based on the circumstances surrounding the death of Michael Edwards, Jr. ("the Decedent"), who was in the custody of EPD at the time of his death. Guilbeaux is the mother of the Decedent's minor children, and Poullard and Edwards are his parents.

Two motions to dismiss are pending before the Court. Defendants the City, Chief Fontenot, individually and in his official capacity as Chief of Police, and Miller, individually and as a Eunice police officer, filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted ("Motion to Dismiss for Failure to State a Claim") [Doc. No. 4]. Defendants move the Court to dismiss the civil rights claims under 42 U.S.C. § 1983 brought by Poullard, Edwards, and the Estate for lack of standing. EPD filed a Motion to Dismiss Pursuant to Rule 12(b)(2) on the

---

[1] Plaintiffs also name an "Unknown Liability Insurance Company."

basis that it lacks the procedural capacity to be sued. Plaintiffs filed opposition memoranda to the motions.

On December 29, 2016, Magistrate Judge Whitehurst issued a Report and Recommendation [Doc. No. 20] on EPD's Motion to Dismiss. Magistrate Judge Whitehurst recommends that the Court find that EPD lacks a legal existence separate from the City, grant EPD's motion, and dismiss the claims against it. No objections were filed. Having reviewed the motion and opposition memorandum and finding that Magistrate Judge Whitehurst correctly stated and applied the law, the Court hereby ADOPTS the Report and Recommendation [Doc. No. 20]. Plaintiffs' claims against EPD are DISMISSED WITH PREJUDICE.

On January 6, 2017, Magistrate Judge Whitehurst issued a Report and Recommendation [Doc. No. 21] on the Motion to Dismiss for Failure to State a Claim. Magistrate Judge Whitehurst recommends that the Court find that Poullard, Edwards, and the Estate lack standing to assert wrongful death and survival actions under § 1983, grant Defendants' motion as to these claims, and dismiss these claims. Magistrate Judge Whitehurst also pointed out that Poullard and Edwards seek to recover for their own injuries as bystanders and based on their familial relationship with the Decedent. As these claims were not part of Defendants' motion, she did not address them.

With regard to Poullard's, Edwards', and the Estate's lack of standing to assert wrongful death and survival claims, the parties did not file objections,[2] and the Court finds that Magistrate

---

[2] Plaintiffs state in their response [Doc. No. 25] to Defendants' objections that they "[a]lternately" contend that they have "rights to pursu[e] . . . a cause of action under Louisiana Law, inclusive of **Louisiana Civil Code Article 2316.5 and seq.**, and their right to maintain a cause of action on behalf of the Estate . . . involving the Succession of Michael Edwards, of which [Poullard and Edwards] have been approved as Administrators . . is permissible by the heirs of [the Decedent], specifically under **Louisiana Civil Code Articles 1095, et seq., and Louisiana Revised Statutes . . .**" [Doc. No. 25, p. 6]. Plaintiffs then refer to the portion of the

Judge Whitehurst correctly stated and applied the law. The Court, therefore, ADOPTS the Report and Recommendation and these claims are DISMISSED WITH PREJUDICE.

However, Defendants filed a partial objection to the Report and Recommendation, contending that Poullard's and Edward's remaining claims should also be dismissed for failure to state a claim, or, alternatively, on the grounds of qualified immunity. [Doc. No. 24]. As a further alternative, if the Court does not dismiss these claims, Defendants move the Court to order Plaintiffs to state their claims with sufficient precision. *Id.*

Plaintiffs respond that they stated a factual basis in their Complaint to support a familial relationship claim and that, alternatively, the Court should allow them to amend their Complaint to state such a claim.

Plaintiffs made some factual allegations in their Complaint which could support the assertion of a familial relationship claim. However, even if they raised this claim for the first time in response to Defendants' Motion to Dismiss for Failure to State a Claim, the Court must treat the raising of the claim in this fashion as a motion for leave to amend pleadings. Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleading only by leave of court" and "leave to amend shall be freely given when justice so requires." *Engstrom v. First Nat'l Bank*, 47 F.3d 1459,

---

Report and Recommendation that explains a failure to object may bar an attack on the factual findings or legal conclusions. Thus, it appears that Plaintiffs do not raise an additional argument, but are preserving a general objection to Magistrate Judge Whitehurst's legal conclusions.

First, Plaintiffs failed to make a timely objection, and, therefore, the Court has no duty to review the record *de novo*. Nevertheless, under any standard, the Court agrees that Magistrate Judge Whitehurst properly stated and applied the law.

Second, to the extent that Plaintiffs disagree with Magistrate Judge Whitehurst's findings, which have now been adopted by the Court, they have preserved their legal arguments for appeal by opposing Defendants' Motion to Dismiss for Failure to State a Claim.

1464 (5th Cir. 1995) (quoting FED. R. CIV. P. 15(a)).  The Court has the discretion to grant or deny leave to amend, but that discretion "does not permit denial of a motion to amend unless there is a substantial reason to do so," such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment.  *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (citing references omitted); *see also In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996); *Garcia v. Unit Drilling Co.*, No. 10-20222, 2010 WL 3824641, at *2 (5th Cir. Sept. 28, 2010) (quoting FED. R. CIV. P. 15(a)) ("Normally, 'leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.'") (quoting *Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009)).  A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

      Although Plaintiffs have made some factual allegations in the Complaint, the Court finds that they have not met the requirements of Federal Rule of Civil Procedure 8, and they have not had the opportunity to allege facts sufficient to overcome Defendants' assertion of qualified immunity. However, at this early stage of the litigation and under the liberal standard for the amendment of pleadings, the Court is not inclined to dismiss Poullard's and Edward's familial relationship claims without allowing amendment.  Accordingly, the Court GRANTS Plaintiffs leave to amend their Complaint to clearly and plainly state Poullard's and Edwards' familial relationship claims under Rule 8 and to allege with particularity those facts necessary to overcome a qualified immunity

defense to such claims.³ *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). Plaintiffs' Amended Complaint must be filed no later than twenty-one (21) days from the date of this Ruling. If Plaintiffs fail to timely file the Amended Complaint, the Court will dismiss Poullard and Edwards from the case for failure to state any remaining claims.

Finally, it does not appear from the briefs that Plaintiffs intend to assert claims for bystander damages. If they intend to do so, any such claims should be set forth in their Amended Complaint as detailed above.

MONROE, LOUISIANA, this 2nd day of March, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

³A qualified immunity defense may be addressed by the Court by ordering the plaintiff to (1) amend his complaint, (2) file a Rule 7(a) reply, or (3) provide a more definitive statement under Rule 12(e). *See Morgan v. Gusman*, No. CIV.A. 06-5700, 2010 2010 WL 1936215 at *4-5 (E.D. La. May 12, 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).