# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Guilbeaux, et al | Civil Action No. 6:16-cv-01464 |
| versus | Judge Robert G. James |
| City of Eunice, et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, are the following motions: (1) an unopposed[1] Motion To Dismiss Pursuant to Rule 12(b)(2) filed by Defendant Police Department of the City of Eunice ("EPD") [Rec. Doc. 35]; and (2) a Motion to Dismiss Penalty, Punitive or Exemplary Damages filed by Defendants, City of Eunice, Chief Randy Fontenot ("Chief Fontenot"), individually and in his official capacity as Chief of Police of the City of Eunice, and Officer Kathy Miller ("Officer Miller"), individually and in her official capacity as a police officer for the City of Eunice (collectively referred to as "Defendants") [Rec. Doc. 36], a Memorandum in Opposition to the Motion to Dismiss Penalty, Punitive, or Exemplary Damages filed by Plaintiffs, Thelma Guilbeaux, on behalf of her minor children, HE and NE, Deanna Poullard and Michael Edwards Sr., individually and on behalf of the Michael Edwards, Jr. Estate ("Plaintiffs") [Rec. Doc. 43], and Defendants' Reply thereto [Rec. Doc. 51]. For the following reasons, the undersigned recommends that the EPD's Motion to Dismiss [Rec. Doc. 35] be denied as moot and that Defendant's Motion

---

[1] Pursuant to Local Rule 7.5, the deadline to file Plaintiff's opposition to the Motion was April 26, 2017.

to Dismiss Punitive Damages [Rec. Doc. 36] be granted in part and denied in part.

*I. Background*

In their Petition, Plaintiffs allege that on or about October 8, 2015, Michael Edwards, Jr. ("the decedent") was incarcerated in the Eunice City Jail as the result of a conviction for "Disturbing the Peace" and was serving a sentence of approximately fifteen days. *R. 1-5,* ¶ *V.* On October 11, 2015, the decedent's mother, Deanna Poullard, received a call from the decedent stating that he had become very ill and recently passed out in the Eunice jail. The decedent stated that when he told Officer Miller he needed to go to the hospital, she refused his request and left without providing him with medical treatment or care. *Id. at* ¶ *VI.* The next day, October 12, 2015, Ms. Poullard went to the jail and spoke with Officer Miller and Chief Fontenot, informing them of her call from the decedent about his illness. Plaintiffs allege Defendants refused to take the decedent to the hospital and that Chief Fontenot commented, "if he were to take Michael Edwards to a hospital, it would result in other inmates wanting to be taken to the hospital." *Id. at* ¶ *VII.*

Plaintiffs further allege that on October 13, 2015, the decedent again called Ms. Poullard stating that his condition had worsened and that despite his consistent complaints Defendants again refused to take him to a doctor or provide medical attention. *Id at* ¶ *VIII.* They allege that the decedent continued to call Ms. Poullard and his father, Michael Edwards Sr., to inform them of his illness, his need to get to a hospital and the refusal of Chief Fontenot and Officer Miller to provide him medical care. *Id.*

Plaintiffs allege that on or about October 16, 2015, the decedent had a seizure at which time the Emergency Medical Service was dispatched and he was transported to the Emergency Room of Acadian Medical Center in Eunice. The decedent was pronounced dead upon arrival at approximately 11:55 P.M. *Id. at ¶ X.* The autopsy indicated death was related to "Acute Coronary Thrombosis." Ms. Poullard and Mr. Edwards Sr allegedly "arrived at the hospital shortly after their son was transported [to the hospital]" and therefore after his death. *Id.*

Plaintiffs contend that Defendants are liable for the wrongful death of the decedent, Michael Edwards, Jr., on October 16, 2015, while he was incarcerated at the Eunice City Jail. *Id.* They allege that Guilbeaux's children, "H.E." and "N.E." are "the minor children of decedent, Michael Edwards, Jr." Plaintiffs further allege that Ms. Poullard and Mr. Edwards, Sr. are the "parents of decedent." *Id. at ¶ IV.*

## II. Procedural History

Plaintiffs filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana, on September 30, 2016, asserting claims under 42 U.S.C. § 1983, Constitutional Amendments IV, V, VIII and XIV and Louisiana Civil Code Articles 2315, 2316, 2317, and 2320 against Defendants. Defendants removed this action on October 20, 2016. *R 1*.

On March 2, 2017, the District Judge affirmed the undersigned's report and recommendation to dismiss EPD with prejudice due to its lack of legal existence separate from the City of Eunice, and granted Plaintiffs leave to amend their complaint "to clearly and plainly state Poullard's and Edward's familial relationship

3

claims." *R. 31*. Thereafter, on March 20, 2017, Plaintiff filed an amended complaint which amended the familial relationship claim but also named EPD as a defendant (contrary to the March 2, 2017 Judgment). *R 32.* Counsel for Defendants then filed the instant Motion to Dismiss EPD for lack of procedural capacity. *R 35.* On April 18, 2017, Plaintiffs were granted leave to file a second amended complaint which eliminated EPD as a defendant and added the Louisiana Municipal Risk Management Agency as a party defendant. *R. 41.*

### III. Law and Analysis

In its motion to dismiss, *R. 35*, EPD contends that Plaintiffs' claims against it must be dismissed because the EPD is not a "juridical person," and therefore lacks procedural capacity to be sued. In their motion to dismiss Plaintiffs' claims for punitive damages, *R. 36*, Defendants contend that the City of Eunice as well as the individual defendants in their official capacities are immune from claims for punitive damages under § 1983. As to Plaintiffs' claims for punitive damages under state law, Defendants contend that punitive damages are not allowed in civil cases unless specifically provided for by statute. As there is no specific statutory provision for such an award under the facts alleged in this action, they assert that Plaintiffs' state law claims must also be denied.

Plaintiffs have not filed an opposition to the motion to dismiss EPD. Plaintiffs have, however, filed an opposition to Defendants' motion to dismiss Plaintiffs' claims for punitive damages under Section 1983 as well as their state law claims. *R. 43.*

The undersigned will address the Motions as follows.

4

*A. Motion to Dismiss Pursuant to Rule 12(b)(2)*

Based on the procedural history of this action as provided in the foregoing, the undersigned will recommend that the unopposed Motion to Dismiss EPD be denied as moot.

*B. Motion to Dismiss Punitive Damages*

*1. Section 1983 Claims*

In their Motion to Dismiss Penalty, Punitive or Exemplary Damages under Section 1983, Defendants contend that Plaintiffs' demand for punitive damages against the City of Eunice, Chief Fontenot and Officer Miller in their official capacities should be dismissed because punitive damages are not recoverable against a municipality or its officers under Section 1983. *R.36*.

As to their claims under Section 1983, Plaintiffs cite *Smith v. Wade*, 461 U.S. 30 (1983) and *Estelle v. Gamble*, 429 U.S. 97 (1976) for the proposition that punitive damages might be available in instances of denial of medical treatment to an inmate. However, *Estelle* did not address punitive damages and *Smith* serves to confirm the defense's position, that punitive damages might only be available against a state actor individually, where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith*, 461 U.S. 30, 56; *see also, Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999). As to the remainder of Plaintiffs' argument in opposition to Defendants' motion, Plaintiffs seem to contend that because this action is against a public entity for the death of Michael Edwards, there is no limit to the

5

damages that can be awarded by the Court.

Despite Plaintiffs' contentions, the Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages under 42 U.S.C. § 1983." *Tickner v. City of Shreveport*, 2017 WL 629227, at *4 (W.D.La., 2017) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981)). The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Webb v. Town of St. Joseph,* 2017 WL 916407, at *3 (W.D.La., 2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 161 (1985)). This Court finds that Plaintiffs are barred from recovering punitive damages against a municipality such as the City of Eunice, and an official acting in his official capacity such as Chief Fontenot and Officer Miller.

The Supreme Court has recognized, however, that punitive damages are recoverable against municipal employees when sued in their individual capacities pursuant to a § 1983 claim. *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir.2003) (citing *Smith v. Wade*, 461 U.S. 30, 35(1983)). Plaintiffs' Amended Complaint alleges that Chief Fontenot and Officer Miller are liable in their individual capacities due to the "intentional denial and/or gross negligence resulting from the failure to provide adequate medical care of a serious medical need to Michael Edwards, Jr., couple[d] with deliberate indifference to his serious medical needs by

6

Randy Fontenot, individually ... and Kathy Miller, supervisory jailer..." *R. 32, ¶ X.*[2]

In their reply memorandum, Defendants "concede that punitive damages may be awarded against the officer defendants in their individual capacities under 42 U.S.C. § 1983 and § 1988." *R. 51.* Thus, to the extent Plaintiffs have asserted punitive damages claims against Chief Fontenot and Officer Miller in their individual capacities, this Court further finds that Plaintiffs' claims for punitive damages against Chief Fontenot and Officer Miller in their individual capacities remain.

*2. State Law Claims*

Defendants argue that Louisiana law provides no avenue to recover punitive damages in this case. "In Louisiana, there is a general public policy against punitive damages; thus, a fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute." *Ross v. Conoco*, Inc., 828 So.2d 546, 555 (La. 2002). "Furthermore, when a statute does authorize imposition of punitive damages, it is subject to strict construction." *Id.*

Plaintiffs' argue that Louisiana Civil Code articles La. C.C. arts. 2315.3, 2315.4, and 2315.7 provide the foundation for their claims for punitive damages under the circumstances in this case. While Plaintiffs contend that these statutes stand for the proposition that punitive damages are available to a plaintiff whose civil rights were violated, none of the referenced statutes apply to a person's "civil rights." Rather, article 2315.3 applies to injury though an act of pornography, article 2315.4

---

[2] In their Second Amended Complaint, *R. 41,* Plaintiffs did not amend Paragraph X of their Amended Complaint, *R. 32*.

7

applies to intoxicated defendants operating a motor vehicle and article 2315.7 applies to criminal sexual acts on a victim seventeen years old or younger.

Regardless of Plaintiffs' arguments, it is well settled that under Louisiana law, punitive damages are not allowed unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages are recoverable. *See e.g. Killebrew v. Abbott Laboratories*, 359 So.2d 1275, 1278 (La. 1978); *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988); *Gagnard v. Baldridge*, 612 So.2d 732, 736 (La.1993); *Ross v. Conoco, Inc.*, 828 So.2d 546, 549 (La.,2002). Because plaintiffs have failed to identify a statutory provision which allows recovery of punitive damages for their state law claims their claims for punitive damages under state law must be dismissed.

*IV. Conclusion and Recommendations*

Based on the foregoing, the undersigned RECOMMENDS that EPD's Motion to Dismiss Pursuant to Rule 12(b)(2) be DENIED AS MOOT; that Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages be GRANTED as to Plaintiff's § 1983 claims against The City of Eunice and Chief Fontenot and Officer Miller in their official capacities; and that Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages be DENIED as to plaintiff's § 1983 claims against Chief Fontenot and Officer Miller in their individual capacities.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 19th day of May, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE